404

Hillsborough,
No. 5984.

EMERY PAQUIN

*v.*

ROBERT L. COTE *& a.*

October 1, 1970.

*Raymond A. Cloutier* and *Armand Capistran* (*Mr. Cloutier* orally), for the plaintiff.

*Green, Romprey, Sullivan & Beaumont,* for all defendants, filed no brief.

*McLane, Carleton, Graf, Greene & Brown* and *Robert Upton II* (*Mr. Upton* orally), for Helen C. Johnson, Albert R. Choate and John Dakos and Evangeline K. Dakos.

GRIMES, J. By this petition to quiet title, the plaintiff sought to establish that he is the owner in fee simple of a tract of land 95' x 25' being the easterly half of part of Broadway Avenue as shown on a plan and dedicated to the public in 1899 by John Walker, Jr. but never accepted, opened, built or used for public travel. *See* RSA 238:7.

The trial court ruled that the plaintiff had conveyed to his grantees the fee to the center line of Broadway (which is the disputed area) but subject "to a private easement in common with each other for the purpose of ingress and egress over that portion of Broadway Avenue to Bridge Street . . . ."

The defendants' exception to that portion of the decree establishing a private easement was transferred by *Dunfey,* J.

It appears to be agreed that one John Walker, Jr. owned a tract of land which included the property now or formerly owned by the parties and that in 1899 he had the land laid out with streets which were dedicated to the public. Bridge Street runs

generally east and west and Broadway Avenue runs north and south but was accepted by the city only as far north as Barnes Street, although as originally dedicated it extended to Bridge Street which is a block further north. There appears to be no dispute that under RSA 238:7 the contested area has been "released and discharged from all public servitude" because it was not "opened, built or used for public travel within twenty years from such dedication."

The record does not contain any of the deeds out of Walker and we therefore cannot determine whether he retained any rights in that portion of the tract which had been designated as streets. The record does, however, disclose that in 1960 the plaintiff acquired in one deed two lots, one at the southeast corner of Bridge and Broadway and the other adjoining it on the east and fronting on Bridge Street. The westerly boundary of the corner lot was described as running "thence northerly by Broadway, 186 feet . . . to the point of beginning" which was described as "the southeasterly intersection of Bridge Street and Broadway." These two tracts combined gave plaintiff one plot which he later divided into three lots. The first, at the corner of Bridge and Broadway, he sold to Cote in 1963 who later conveyed to Choate and Johnson by identical description which began "at the southeasterly intersection of Bridge Street and Broadway" and ran clockwise around the lot "to Broadway[,] thence Northerly by said Broadway, 95 feet, more or less, to the point of beginning."

In 1965 plaintiff conveyed a lot to Cagan which included the rest of his frontage between Bridge Street and an extension of the southerly line of the lot conveyed to Cote. This left plaintiff a lot bounded on Broadway but separated from Bridge Street by the lots of Cote and Cagan. He conveyed this lot to Dubois The Builder, Inc. in 1967. The description began "at a stake on the easterly line of Broadway . . . at the southwesterly corner of land . . . of Cote" and ran clockwise around the property "to Broadway Avenue[,] thence Northerly by said Broadway Avenue . . . to the point of beginning." None of the deeds contains any reference to any easements in Broadway.

Although it appears to be agreed that defendants Dakos own the property on the westerly side of Broadway Avenue, there is no evidence concerning their title or its source.

By his deeds to Cote and Dubois The Builder, Inc., the plaintiff divested himself of any interest he had in the fee underlying

Broadway as the trial court ruled, without exception. Since he now owns no land to which a right of way could attach, he has no standing to claim one. *Sawtelle* v. *Tatone,* 105 N.H. 398, 406, 201 A.2d 111, 117; 25 Am. Jur. 2d Easements and Licenses *s.* 11 and *ss.* 115-16. His petition should have been denied without consideration of the question of private easements.

*Exception sustained.*

GRIFFITH, J., did not sit; the others concurred.